IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-113 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SERGEANT JOSEPH J. SPUSTA, and COUNTY OF ERIE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion to Dismiss (Doc. 11) will be denied. As to liability, Defendants demand too much of Plaintiff at this stage in the proceedings. Although Defendants acknowledge the 12(b)(6) plausibility standard at the outset of their briefing, they repeatedly seek to hold Plaintiff to a higher burden. *See, e.g.,* Defs.' Br. Supp. (Doc. 13) (faulting Plaintiff for failing to "prove" his claims, failing to establish elements "by a preponderance of the evidence" and failing to cite caselaw in support of his claims). As Plaintiff emphasizes in his opposition, Defendants seek more than the rules require at this juncture. *See, e.g.,* Cosenza v. City of Worcester, Mass., 355 F. Supp. 3d 81, 99 (D. Mass. 2019) ("Plaintiff will eventually have to demonstrate [the elements of his claims] by a preponderance of the evidence to prevail, but for now he must only show that [the claims are] plausible."); Gazzola v. Cnty. of Nassau, No. 16CV0909ADSAYS, 2016 WL 6068138, at *6 (E.D.N.Y. Oct. 13, 2016) (same). Here, Plaintiff has stated plausible claims for relief, and Defendants' arguments are rejected, without prejudice to renewal on summary judgment.

Likewise, and for the sound reasons stated in Plaintiff's Opposition Brief (Doc. 15), Defendants' arguments for dismissal of the claims against Sergeant Spusta on qualified immunity grounds,[1] and dismissal of the Monell claim against the County, hinge on disputed factual allegations and, thus, are denied as premature. *See* Pl. Br. Opp. (Doc. 15) at 10-12.

Finally, to the extent Defendants seek dismissal of Plaintiff's punitive damages claim against the County and/or Sergeant Spusta in his official capacity, that request is moot. Plaintiff has clarified in his opposition brief that he seeks punitive damages only against Sergeant Spusta in his individual capacity, based on Sergeant Spusta's "reckless disregard for the truth as to his investigation in support of probable cause for the search warrant." Pl. Br. Opp. (Doc. 15) at 12-13. Defendants admit that Section 1983 permits an award of punitive damages against individuals who exhibit a "reckless or callous indifference" to a plaintiff's civil rights. Defs.' Br. Supp. (Doc. 13) at 20 (citing Coleman v. Kaye, 87 F.3d 1491, 1509 (3d Cir. 1996)). Taking the facts alleged in the Complaint as true, it is plausible that Sergeant Spusta's actions meet this standard. Accordingly, the request to dismiss the punitive damages claim is denied, without prejudice to renewal after discovery.

---

[1] In evaluating a qualified immunity claim, the Court considers: "(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was 'clearly established at the time of the official's conduct." Dennis v. City of Philadelphia, 19 F.4th 279, 287 (3d Cir. 2021). Taking the Complaint at face value, Plaintiff has sufficiently alleged the violation of a Fourth Amendment right that was clearly established at the time of the incident in question. *See, e.g.*, Round v. City of Philadelphia, No. CV 19-3513, 2022 WL 2916681, at *19-*24 (E.D. Pa. July 22, 2022) (collecting cases and denying summary judgment on qualified immunity where officer allegedly violated plaintiff's Fourth Amendment rights by, *inter alia*, recklessly omitting exculpatory information, including indicia of unreliability, from a warrant affidavit); Richter v. Pennsylvania State Police, No. CV 15-775, 2018 WL 2984966, at *7-*12 (W.D. Pa. June 14, 2018).

For all of the above reasons, Defendants' Motion to Dismiss (**Doc. 11**) is **DENIED**. Consistent with Federal Rule 15(a)(3), Defendants' answer deadline is **April 10, 2025**. Once the pleadings close, the Court will schedule an initial case management conference.

IT IS SO ORDERED.

March 27, 2025                                       s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record